WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dustin Alan Wall, | No. CV-24-00436-TUC-RCC |
| Petitioner, | **ORDER** |
| v. | |
| B. Hudson, | |
| Respondent. | |

On November 18, 2024, Magistrate Judge Jacqueline M. Rateau issued a Report and Recommendation ("R&R") in which she recommended the Court dismiss Petitioner Dustin Alan Wall's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State Custody. (Doc. 9.) Petitioner filed an objection to the R&R (Doc. 10), and Respondents a response (Doc. 11). Upon review, the Court will adopt the R&R and dismiss Petitioner's § 2254 Habeas Petition.

## I. *Standard of Review*

The standard of review of a magistrate judge's R&R is dependent upon whether a party objects: where there is no objection to a magistrate's factual or legal determinations, the district court need not review the decision "under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, when a party objects, the district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. §

636(b)(1). Moreover, "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

## II. Magistrate's R&R

Petitioner is serving an aggregate 160-month sentence for Count One: Interference with Commerce by Threats or Violence and Aiding and Abetting; Count Two: bank robbery; and Count Three: possession of a firearm during a crime of violence under 18 U.S.C. § 924(c)(1)(A)(i). (Doc. 7-2 at 3, ¶ 5.) He claims he should have been able to earn good time credits under the First Step Act ("FSA") once his sentence under 924(c) was completed. (*Id.* at 4.)

The Magistrate Judge recommended the Court dismiss Petitioner's § 2241 as he is precluded from earning good time credits because one of his sentences for Counts One to Three are aggregated for purposes of earning good time credit. (Doc. 10.)

## III. Petitioner's Objections

As a preliminary matter, Petitioner admits he did not exhaust his administrative remedies (Doc. 1 at 4), a pre-filing requirement. *See Laing v. Ashcroft,* 370 F.3d 994, 997 (9th Cir. 2004). However, as the Magistrate Judge stated that exhaustion was futile because "it is unlikely that Petitioner's claim will be resolved at the administrative level," as he is "ineligible to earn FSA time credit upon his aggregate sentence and this finding is based solely on an interpretation of the FSA." (Doc. 9 at 5; *see Wright v. United States*, No. 19-05254, 2019 WL 2746630, at *7 W. D. Wash. June 5, 2019) (finding that when Bureau of Prisons ("BOP") made clear the calculation of good time credits is statutorily impermissible, there is no administrative remedy available, and exhaustion is futile).

Petitioner believes the Magistrate Judge erred in finding that aggregation was permissible. (Doc. 10 at 1.) Petitioner asserts the BOP lacks authority to aggregate multiple convictions when only one conviction renders a prisoner ineligible for good time credits under the First Step Act ("FSA"). (*Id.*) He claims that he should be able to earn good time credits under the FSA because the text of the FSA mandates that prisoners

"shall earn" time credits, in contrast with other statutes where the BOP "may" award credits. (*Id.*) Petitioner believes this mandatory language suggests that BOP does not have the discretion whether to aggregate sentences. (*Id.*) This is especially true for sentences under § 924(c), Petitioner states, where consecutive sentences are mandatory. (*Id.*) Petitioner believes the Magistrate Judge erred in finding that aggregation was permissible. (*Id.*)

Upon de novo review, the Court agrees with the Magistrate Judge. Under the FSA, a prisoner "shall earn good time credits," "except for an ineligible prisoner under subparagraph (D)." 18 U.S.C. § 3632(d)(4) A prisoner is ineligible under subparagraph (D) "if the prisoner is serving a sentence for a conviction" under 924(c). *Id.* § 3632(d)(4)(D)(xxii); 18 C.F.R. § 523.41(d)(2) (stating inmate serving term of imprisonment under § 3632(d)(4)(D) is ineligible for good time credits). Further, federal statute mandates that "multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). Thus, despite the consecutive sentences, Counts One through Three are treated in the aggregate and the guidelines preventing good time credits applies to all of them.

Next, Petitioner objects to the Magistrate Judge's reliance on *Giovinco v. Pullen*, No. 23-241, 2024 WL 4438759, at *5 (2d Cir. Oct. 8, 2024), which he claims was overruled by *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024). (Doc. 10 at 2.) The Court acknowledges Petitioner's argument but finds it inapplicable here because Petitioner failed to exhaust his administrative remedies. *Loper* relates to the Court's deference to an administrative agency's (i.e. BOP) interpretation of a statute. However, the R&R correctly noted that there is no agency interpretation of the law in Petitioner's case. (Doc. 9 at 11.) Moreover, *Giovinco v. Pullen* supports the conclusion that aggregation is proper for FSA purposes, and the decision remains valid despite Petitioner's claims to the contrary. *See Strauss v. Birkholz*, No. 2:24-CV-06778-SVW-JDE, 2024 WL 4867576, at *2 (C.D. Cal. Oct. 22, 2024) (report and recommendation) ("In assessing whether to award time credit under the FSA, the BOP is 'administering the

FSA time credit program,' and as such, 'the BOP must aggregate multiple terms of imprisonment.'") (quoting *Giovinco*, 2024 WL 4438759, at 3–4); *Catchings*, 2023 WL 11832521, at *2; *Grigsby v. Colbert*, No. CV-21-00266-TUC-JAS (LCK), 2022 WL 2919371, at *5 (D. Ariz. Mar. 10, 2022), *report and recommendation adopted*, No. CV-21-00266-TUC-JAS (LCK), 2022 WL 2916039 (D. Ariz. July 25, 2022) ("Nothing in the statute allows [petitioner] to earn GCT with respect to a conviction based on a crime not listed in § 3632(d)(4)(D), if he is simultaneously serving a sentence for crimes that are listed in that subsection."); *cf. Moreno v. Ives*, 842 F. App'x 18, 21-22 (9th Cir. 2020), *cert. denied Moreno v. Hendrix*, 141 S. Ct. 2877 (2021).

### IV.  Conclusion

For the reasons stated above, the Court finds that Petitioner is ineligible for FSA time credits due to his conviction under 18 U.S.C. § 924(c) and the aggregation of his sentences. The Court adopts the R&R in full and denies the Petition.

IT IS ORDERED:

1) Magistrate Judge Jacqueline M. Rateau's Report and Recommendation is ADOPTED.
2) Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is DENIED.
3) The Clerk of Court shall enter judgment accordingly an close this case.

Dated this 10th day of February, 2025.

Honorable Raner C. Collins
Senior United States District Judge